**IT IS ORDERED as set forth below:**

**Date: August 12, 2008**

_____
**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

------------------------------------------------------------------- x
In re:

ATLANTIS PLASTICS, INC.,
ATLANTIS PLASTIC FILMS, INC.,
ATLANTIS FILMS, INC.,
ATLANTIS MOLDED PLASTICS, INC.,
ATLANTIS PLASTICS INJECTION MOLDING, INC.,
EXTRUSION MASTERS, INC.,
LINEAR FILMS, INC.,
PIERCE PLASTICS, INC., and
RIGAL PLASTICS, INC.,
                                                        Debtors.

: Chapter 11
:
: Case No. 08-75473
:
: (Jointly Administered)
:
:
:
:
:
:
:
:
:

------------------------------------------------------------------- x

**ORDER GRANTING MOTION OF DEBTORS FOR ORDER PURSUANT
TO 11 U.S.C. §§ 105(A) AND 363 AUTHORIZING THE DEBTORS
TO HONOR CERTAIN PREPETITION CUSTOMER OBLIGATIONS**

Upon the motion (the "**Motion**") of Atlantis Plastics, Inc., *et al.*, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order (the "**Order**") authorizing Debtors to honor certain pre-petition customer obligations; and upon consideration of the Affidavit of V.M. Philbrook in Support of First Day Motions and Applications, sworn to on August 9, 2008 (the "**Philbrook Affidavit**"); and the

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these cases and the Motion in this district being proper before this Court pursuant to 28 U.S.C. §§1408 and 1409; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and due and proper notice of the Motion having been given, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation; and sufficient cause appearing therefore; it is

ORDERED that the Motion be, and hereby is, GRANTED; and it is further

ORDERED that, except as otherwise required by any post-petition financing order or the Debtors' post-petition financing agreement approved by this Court, the Debtors are authorized, but not required, to honor or pay those prepetition obligations under the Customer Programs, but in no event may the aggregate amount of payments made pursuant to this order exceed those amounts for such claims set forth in any budget supplied with the Court's interim order authorizing the Debtors to obtain post-petition financing, as such order may be amended or finalized from time to time; and it is further

ORDERED that the Debtors' banks are authorized to process, honor and pay any and all checks issued to honor transfers in connection with the Customer Programs; and it is further

ORDERED that the banks and other financial institutions that process, honor and

pay any and all checks on account of Customer Obligations may rely on the representation of the Debtors as to which checks are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtors' instructions; and it is further

ORDERED that payment of an obligation arising under a Customer Program shall not constitute assumption by the Debtors of a contract related to a Customer Program under Bankruptcy Code Section 365, nor shall it preclude the Debtors from contesting the validity or amount due under a Customer Program; and it is further

ORDERED that, notwithstanding anything herein to the contrary, the authority granted herein to the Debtors, including to make payments and honor obligations, is subject in all respects to the terms and conditions of the Debtors' post-petition financing agreement, including any budget contained therein, and any order approving the same; and it is further

ORDERED that, to the extent the ten (10) day stay of Bankruptcy Rule 6004(g) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**[END OF DOCUMENT]**

Prepared and presented by:

GREENBERG TRAURIG, LLP

By: __/s/ David B. Kurzweil__
David B. Kurzweil (Ga. Bar No. 430492)
John J. Dyer (Ga. Bar No. 236844)
Greenberg Traurig, LLP
The Forum
3290 Northside Parkway, Suite 400
Atlanta, Georgia 30327
Telephone: (678) 553-2100
Facsimile: (678) 553-2212
Email: kurzweild@gtlaw.com
       dyerj@gtlaw.com

Proposed Counsel for Debtors and
Debtors-in-Possession